IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EARL DOUGLAS WOODS,

    Plaintiff,

v.

STATE OF OREGON
YAMHILL COUNTY,
MCMINNVILLE, OR 97128,

    Defendant.

Case No. 3:19-cv-02087-JR

ORDER TO DISMISS

SIMON, Judge.

Plaintiff, an inmate at the Eastern Oregon Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses plaintiff's Complaint.

## BACKGROUND

In the caption of his Complaint, plaintiff names as Defendant "State of Oregon Yamhill County, McMinnville OR. 97128." At page 2 of the Complaint, however, plaintiff identifies the defendant, "Yamhill County (Jail) Court House."

Plaintiff alleges two claims for relief. In his first claim, he alleges that the county jail officials did not make available adequate equipment to review discovery evidence produced in CD format in a criminal case against plaintiff. Plaintiff alleges it was impossible to review all of the discovery evidence used against him "that could have, if available, changed the verdict of conviction." In his second claim for relief, plaintiff alleges that an unidentified prosecutor, detectives, and police officers caused false testimony to be presented against plaintiff at trial, leading to his conviction. By way of remedy, plaintiff seeks reversal of his conviction, as well as money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro*

2 - ORDER TO DISMISS

*se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Naffe v. Frye, 789 F.3d 1030, 1035-36 (9th Cir. 2015). "Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. Vance v. County of Santa Clara, 928 F.Supp. 993, 995-96 (N.D. Cal. 1996). The "Yamhill County Jail" is managed by and/or a department of Yamhill County, but it is not a "person" subject to suit under § 1983. See e.g., United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) ("municipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983"); Rodriguez v. Cnty. of Contra Costa, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) ("[a]lthough municipalities, such as cities and counties, are amenable to suit under Monell [v. Dept. of Soc. Serv. of City of New York, 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983") (citing Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995)). Therefore, plaintiff cannot pursue any § 1983 civil rights claims against the Yamhill County Jail.

To the extent plaintiff intends to assert a claim against Yamhill County itself, his allegations are also insufficient. A municipal entity is liable under § 1983 only if the plaintiff alleges his

3 - ORDER TO DISMISS

constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Monell, 436 U.S. at 691 (1978); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 964 (9th Cir. 2008). Yamhill County may not be held vicariously liable under § 1983 simply based on allegedly unconstitutional acts of its employees. See Board of Cty. Comm'rs. v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691. Instead, the municipalities may be held liable "when execution of a government's policy or custom . . . inflicts the injury." Monell, 436 U.S. at 694.

To the extent plaintiff seeks reversal of his conviction, plaintiff cannot seek release from prison through a civil rights action. As a general rule, a claim that challenges the legality of a prisoner's conviction must be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement must be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Prieser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Finally, to the extent plaintiff seeks money damages for his alleged illegal incarceration, his claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, a § 1983 cause of action for damages challenging the fact of incarceration is precluded unless the conviction or sentence resulting in the incarceration has been invalidated, expunged, or reversed. Id. at 487. Because plaintiff fails to allege the legality of his current incarceration has been invalidated, his claims must be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, the Court DISMISSES plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order.

4 - ORDER TO DISMISS

Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding.

    IT IS SO ORDERED.

    DATED this 9th day of January, 2020.

                                  Michael H. Simon
                                  United States District Judge